UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TUAREAN PARHAM,

      Plaintiff,

                                  CASE No. 2:22-CV-137

v.

                                  HON. ROBERT J. JONKER

B. MILLER, et al.,

      Defendants.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation (ECF No. 24) and Defendants' Objection. (ECF No. 25). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Report and Recommendation addresses Defendants' motion for summary judgment on the basis of exhaustion.  (ECF No. 22).  The Magistrate Judge recommends granting the motion in part by dismissing Defendants Morse and Benson without prejudice due to Plaintiff's failure to exhaust his administrative remedies.  But the Magistrate Judge recommends that Plaintiff's retaliation claims against the four other defendants—Defendants Miller, Soeltner, Woodard, and Doyle—remain.  Defendants' Objections relate to the Magistrate's reasoning as to these latter defendants.  In their Objections, these four defendants contend that the Magistrate Judge erroneously determined that they had conceded Plaintiff exhausted all of his claims against them and that the Magistrate Judge should have dismissed the claims that Plaintiff had failed to exhaust against them.

Defendants misread the Report and Recommendation.  All the Magistrate Judge did was rule on the issues that could lead to dismissal of a defendant entirely.  This much is clear on page 13 of the Report and Recommendation (ECF No. 24, PageID.306).  And Defendants thsemlves agree that some claims against them must remain in the case.  (ECF No. 23, PageID.209).  So the Magistrate Judge neither rejected nor accepted the position of Defendants Miller, Soeltner, Woodard and Doyle.  This was partly because the Defendants sometimes conflated the exhaustion requirement with personal participation (or a claimed lack thereof) in the briefing.  Defendants can raise all these issues in later proceedings, including any request for partial summary judgment on one or more of the multiple claims against a defendant that Plaintiff might not have exhausted.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 24) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the defense motion for summary judgment on the basis of exhaustion (ECF No. 22) is **GRANTED** to the extent that Defendants Morse and Benson are dismissed without prejudice due to Plaintiff's failure to exhaust administrative remedies against them. The motion is denied in all other respects without prejudice to Defendants' ability to file partial motions for summary judgment on any unexhausted claims.

Dated:  April 18, 2024　　　　　　/s/ Robert J. Jonker
　　　　　　　　　　　　　　　　ROBERT J. JONKER
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE